
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TERRY L. MEIER,

             Plaintiff - Appellant,

v.

ERIC K. SHINSEKI, Secretary of
Veterans Affairs; et al.,

             Defendants - Appellees.

No. 13-16264

D.C. No. 3:13-cv-00189-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Submitted September 17, 2015[**]
San Francisco, California

Before: CALLAHAN, CHRISTEN, and FRIEDLAND, Circuit Judges.

      Terry Meier appeals the district court's dismissal of his Federal Tort Claims

Act (FTCA) action against the United States and U.S. Department of Veterans

Affairs (VA) officials. The case follows a failed FTCA action that Meier brought

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

against the United States in 2005, which arose out of three colonoscopies Dr. Eddie Cheung performed on Meier at a VA facility in 2002 and 2003. *See Meier v. United States* (*Meier I*), No. 05-04404, 2006 WL 3798160, at *1 (N.D. Cal. Dec. 22, 2006), *aff'd*, 310 F. App'x 976 (9th Cir.), *cert. denied*, 558 U.S. 1011 (2009). In this suit, Meier appears to seek damages for harms allegedly suffered in connection with (1) the VA's refusal to investigate and disclose information about Dr. Cheung's alleged perjury during *Meier I* regarding the number of malpractice suits previously filed against him, and (2) the government's disclosure of Meier's private information during the course of *Meier I*. The district court dismissed Meier's fifteen FTCA claims on several, alternative grounds. Reviewing de novo, we affirm.

1. The FTCA waives the government's sovereign immunity for civil suits seeking money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). To state a claim under the FTCA, a plaintiff must show that the liability he or she alleges "arise[s] from state statutory or

2

decisional law, and . . . impose[s] on the defendants a duty to refrain from committing the sort of wrong alleged." *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1026 (9th Cir. 2001).

2.    The district court properly dismissed Meier's perjury-related FTCA claims, including claims 1–6 and 13–14, because Meier has failed to establish that the VA would be civilly liable under California law for its challenged conduct if it were a private person. To the extent that any of Meier's claims seek to hold the VA liable for Dr. Cheung's perjury, they are not cognizable under the FTCA because there is no civil cause of action for perjury under California law. *See Pollock v. Univ. of S. Cal.*, 112 Cal. App. 4th 1416, 1429 (2003); *see also Temple Cmty. Hosp. v. Superior Court*, 20 Cal. 4th 464, 472–73 (1999). Meier's tort claims alleging that the VA concealed evidence regarding Dr. Cheung's perjury similarly fail because, under California law, "a tort claim will not lie for the concealment or withholding of evidence." *Temple Cmty. Hosp.*, 20 Cal. 4th at 472. Meier's attempt to frame his perjury-related claims as breaches of fiduciary duties also fails. Meier has not established that the VA had a fiduciary duty under California law to investigate false representations made by one its doctors during the course of malpractice litigation—that is, after medical treatment—in order to protect the nonmedical interests of a former patient. *Cf. Arato v. Avedon*, 5 Cal.

3

4th 1172, 1188–89 (1993) (recognizing a "therapeutic limitation inherent in the doctrine of informed consent," meaning that the doctrine does not extend to the patient's nonmedical interests such as financial interests).

3.      Meier's conversion claim (claim 11) is similarly without basis in California statutory or decisional law. "To establish a conversion [claim], plaintiff must establish an actual interference with his *ownership* or *right of possession*. . . . Where plaintiff neither has title to the property alleged to have been converted, nor possession thereof, he cannot maintain an action for conversion." *Moore v. Regents of the Univ. of Cal.*, 51 Cal. 3d 120, 136 (1990). Even assuming that the decision in *Meier I* taxing costs against Meier may be collaterally attacked, the conversion claim fails because Meier's alleged right to the money in question is predicated on the existence of fiduciary duties that, as explained above, are not recognized under California law.

4.      Meier has failed to allege sufficient facts to state plausible intentional infliction of emotional distress or invasion of personal autonomy claims (claims 12 and 15). Under California law, "[a] cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme

4

emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Meier's complaint does not allege any facts that, if proven true, would establish these elements. Indeed, the complaint does not identify any specific conduct by the VA in connection with this claim, let alone conduct that could plausibly be characterized as extreme and outrageous.

Meier similarly does not comprehensibly articulate a factual or legal basis for his twelfth claim, which he labels "violations of personal autonomy rights" under Article 1, § 1 of the California Constitution. As best we can tell, Meier asserts an invasion of privacy claim under Article 1, § 1 of the California Constitution. *See Donaldson v. Lungren*, 2 Cal. App. 4th 1615, 1619 (1992) ("The right of patient autonomy has been described as the ultimate exercise of one's right to privacy."). As such, Meier must allege "(1) a legally protected privacy interest, (2) a reasonable expectation of privacy under the circumstances, and (3) a serious invasion of the privacy interest." *Int'l Fed'n of Prof'l & Tech. Eng'rs, Local 21, AFL–CIO v. Superior Court*, 42 Cal. 4th 319, 338 (2007). Meier does not specify what privacy interest is at stake in the twelfth cause of action, establish that any interest specified is protected under the California constitution, or explain how the interest was seriously invaded by the VA. Accordingly, dismissal of claims 12 and

5

15 was appropriate because Meier did not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

5.    We affirm dismissal of Meier's privacy-related claims (claims 7–10) because they are barred by the FTCA's statute of limitations, 28 U.S.C. § 2401(b). The claims arise from the government's filing of Meier's private information during the *Meier I* litigation. The claims are barred by the FTCA's statute of limitations because Meier did not file an administrative claim with the VA relating to these claims within two years of learning of the disclosures. Meier waived any argument for equitable tolling of these claims by not raising the argument below. *See, e.g.*, *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 n.3 (9th Cir. 2007). Even if Meier's briefs could be construed to seek equitable tolling, tolling would not be merited because Meier has not established "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013).

6.    Meier also argues that the district court abused its discretion in denying his motion to recuse Judge Alsup. We affirm Judge Tigar's denial of the motion to recuse. Meier has not identified any extrajudicial source of alleged bias or prejudice on behalf of Judge Aslup or provided any reason to question his impartiality. There is no indication of "a deep-seated favoritism or antagonism"

6

stemming from Judge Alsup's adjudication of *Meier I* "that would [have made a] fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Indeed, the record shows that Judge Alsup was fair and cordial.

The district court's dismissal of Meier's action is AFFIRMED.